R. S. CALVERT et als. v. J. S. MILLER et als.

*Partnership—Surviving Partner—Appeal.*

1. After the dissolution of a firm by the death of one of the partners, it is the duty of the surviving partner to settle up the joint estate in the manner most conducive to the interest of all persons interested.

2. While a surviving partner cannot enter into contracts, or create liabilities which will bind the estate of his deceased partner, yet he is not bound to sacrifice the interest of the firm, and if he contracts debts, *bona fide,* for the interest of the common property, he may pay them out of the common fund.

4. So where on the death of a partner, the partnership had a large amount of unfinished work and raw material on hand, which could only have been disposed of at a sacrifice ; *It was held,* that creditors advancing means to the survivor, in good faith, to enable him to finish the work, and use up the raw material, are entitled to payment out of the partnership assets.

4. Exceptions which do not appear in the record, will not be passed on by this Court.

(*Edwards* v. *Love,* at this Term, cited and approved).

CIVIL ACTION, heard before *Montgomery, Judge,* upon exceptions to the report of a referee, at Fall Term, 1885, of the Superior Court of IREDELL county.

The plaintiffs, claiming to be creditors of the partnership firm of Calvert & McKee, which, consisting of James L. Calvert and John F. McKee was formed in January, 1876, and terminated in the same month of the next year, by the death of the partner first named, prosecute their suit against the defendants S. A. Sharpe and J. S. Miller, trustees in several deeds, dated respectively in May, August and November, and the said S. A. Sharpe and C. A. Carlton, trustees in a deed dated before that last mentioned, and in the same month, for an account and appropriation of the joint assets, to their several demands. These deeds were executed by the surviving partner, the defendant McKee, who after the death of his associate, continued for several months to carry on the same business, in order, as alleged, to complete the unfinished work, by using the material on hand, and making a

settlement of the common business, to the advantage of all interested, during which interval, were contracted some of the debts now asserted against the partnership effects.

In pursuance of an order of reference to R. A. McLaughlin, with whom, by consent, Harry Bingham was afterwards associated, they made their report to Spring Term, 1885, accompanied with the evidence taken in executing the inquiry.

The plaintiffs excepted to the failure of the referees to find and state the facts in regard to several of the claims specified, inasmuch as the evidence shows that the debts were incurred by the surviving partner, acting as such, in the management and settlement of the partnership business, devolved upon him.

The defendants, other than McKee, also filed several exceptions, of which the two first, are based upon the proposition that the debts specified in them were made after the dissolution, and were not binding upon the firm, but personal to the partner who contracted them.

The second exception, embodying those numbered.3 and 4, relates to matters of fact determined in the Court below, with which we are not disposed to interfere, and which may be left out of view in the appeal.

At Fall Term, 1885, upon an order of re-committal for further findings of fact, a supplemental report was returned, and upon consideration thereof, this judgment was entered.

" It is ordered and adjudged, that the exceptions of the defendants Sharpe, Miller and Carlton, be overruled, and that the exceptions of the plaintiff be sustained, except as to the R. T. Early debt, and as to this debt, the plaintiff's exception is overruled, and that said reports be confirmed."

The Court finds, after a careful investigation, that the debts of R. W. Turbyville, J. E. Colvert, R. S. Colvert, J. F. Van Pelt, and J. W. Paston & Co., amounting to $519.11, and also the debt of Joseph H. Thompson, were contracted by John F. McKee, surviving partner of the firm of Colvert & McKee, after the dissolution of said firm by the death of J. L. Colvert, and

that the goods and services for which all these debts were contracted, were used in the firm business, as then carried on by said McKee, and they were absorbed by and entered into the fund now charged in this account, as assets of the firm of Colvert & McKee, and the Court finds all the facts in reference to these debts, the same as found by the referees in their report, and that said debts are, as charged, in the assets of the firm. The Court also finds as a fact, that the property of the firm of Colvert & McKee, and sold by the defendants, to be the same in value as found by the referees, to-wit: $2,144.15. It is therefore considered and adjudged by the Court, that the plaintiff recover of the defendants, S. A. Sharpe, J. S. Miller and C. A. Carlton, the value of the property of the firm of Colvert & McKee, as found by said referees and as found by this Court, to-wit: two thousand, one hundred and forty-four dollars and fifteen cents, ($2,144.15), and that said sum be distributed among the several creditors of the firm of Colvert & McKee and J. F. McKee, surviving partner of said firm, according to their respective amounts, as found by the referees in their report. And that the plaintiff recover of the defendants the cost of this action, to be taxed by the Clerk of this Court against said defendants, including fifty dollars to R. A. McLaughlin and twenty-five dollars to H. Bingham, referees in this action.

From the rulings and judgment of the Court, the defendants Miller and Sharpe appeal.

*Mr. R. F. Armfield*, for the plaintiffs.
*Mr. D. M. Furches*, for the defendants.

SMITH, C. J. (after stating the facts). The record shows that a single ruling in law is brought in controversy, and that is, the right of those debts incurred by the surviving partner, in prosecuting the joint business in order to an advantageous settlement of the partnership affairs, to share with such as were contracted in the life time of both, in the distribution of the partnership assets.

Assuming that the continuance of the business was in good faith, and with reasonable grounds for expecting better results than could be obtained by a prompt sale of the common property, with unfinished work and unused material on hand, we do not think the defendant was bound to pursue the latter course, with its apprehended sacrifices. A surviving partner must proceed to settle up the joint estate and business devolving upon him, in the manner deemed most conducive to the interest of all. Any further operations he may have, must be directed to the primary and controlling object of a prompt and early settlement and disposal of the funds.

"Although as to future dealings," remarks STORY, "the partnership is terminated by the death of one partner, yet for some purposes, it may be said to subsist, and the rights, duties, powers and authorities of the survivors remain, so far as is necessary to enable them to wind up and settle the affairs of the partnership." *Story Part.*, §344.

The author does not pretend to say that such survivor can enter into a contract that shall personally bind the deceased partner or his estate, for the power to do this, ceases with the dissolution, but that expenses incidental to the settlement, and properly incurred in making it, are a charge upon the effects of the firm, and will be paid out of them.

In the case of an executor, who, in executing the trusts imposed by the will, outside of those that pertain to the general duties of administration, incurs expense, the payment is recognized as a proper credit, and even the creditor is allowed to assert his claim to the fund made or argumented by his services, as we have decided in *Edwards* v. *Love*, at this term.

We have not adverted to the point made in the appellants' brief, not embodied in the exceptions, as to the efficacy of the deeds made by the defendant McKee, of May 20th, and August 31st, to the defendants Miller and Sharpe, to indemnify them, as sureties on his individual note, executed to the late Anderson Mitchell, for money borrowed to put in, and put in the firm, at its

formation, as a means of its discharge, because that question is not presented in the case on appeal. It may be, that such disposal and use of the money by the firm, would recognize a liability, sufficient to warrant an appropriation of the partnership effects to its payment, as attempted in the deed. But we forbear all expression of opinion upon the point, as well as upon the right of the surviving partner, unrestrained by the representative of the deceased, to dispose of the funds, in payment of his personal liabilities. This debt is omitted in the final judgment directing payment of the specified debts out of the funds, more than sufficient for the purpose, but to this no specific exception is taken. Judgment will accordingly be entered in favor of the several creditors, against the defendant McKee, Miller and Sharpe, for the respective sums due them.

There is no error in the rulings brought up for review, and they are affirmed.

No error. Affirmed.